IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                          Case No. 4:14-cr-00023-002-KGB

CRUZ RODRIGUEZ                                                              DEFENDANT

### ORDER

Pending before the Court are the United States' motion *in limine* to admit Rule 404(b) evidence (Dkt. No. 48), the United States' notice of intent to introduce audio/video recording at trial (Dkt. No. 49), and the United States' motion to withdraw *in limine* request for ruling on potential *Giglio* information (Dkt. No. 56).  Defendant Cruz Rodriguez has responded in opposition to the United States' motion *in limine* to admit Rule 404(b) evidence (Dkt. No. 52) and has responded in opposition to the United States' notice of intent to introduce audio/video recording at trial (Dkt. No. 55).  The Court reviewed the written briefs on this matter and heard oral argument from both parties at a pretrial conference on July 21, 2014.

   I.    Motion *in Limine* to Admit Rule 404(b) Evidence

Turning first to the United States' motion *in limine* to admit Rule 404(b) evidence, the United States seeks to introduce evidence from October 2011 through January 2012 concerning a Central Arkansas Drug Task Force investigation into a methamphetamine distribution organization in the Searcy, Arkansas, area.  The government seeks to present evidence of a meeting capturing a confidential informant ("CI") discussing the distribution of large quantities of methamphetamine with Mr. Cruz Rodriguez and his son Mr. German Cruz Rodriguez; an intercepted package mailed from Mr. German Cruz Rodriguez containing $18,000 and $12,000 on January 25, 2012; and the results of the execution of a search warrant at the home of Mr. Cruz

Rodriguez and Mr. German Cruz Rodriguez during which items associated with the sale and distribution of controlled substances were found and during which Mr. Cruz Rodriguez attempted to destroy two cellphones.  The government states that it intends to offer this evidence under Federal Rule of Evidence 404(b) to prove Mr. Cruz Rodriguez's knowledge, intent, opportunity, and absence of mistake in connection with the crime of conspiracy to distribute methamphetamine as charged in the indictment.  Mr. Cruz Rodriguez responds in opposition that evidence of his prior bad acts is inadmissible under Federal Rule of Evidence 404(b) for various reasons, including because the proposed evidence relates mostly to Mr. German Cruz Rodriguez and not Mr. Cruz Rodriguez.

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. F.R.E. 404(b)(1).  However, evidence of other crimes, wrongs, or other acts may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  *Id.* at 404(b)(2).  Such evidence is admissible for certain limited purposes when it (1) is relevant to a material issue, (2) is similar in kind and close in time to the crime charged, (3) is proven by a preponderance of the evidence, and (4) does not have prejudicial effect that substantially outweighs the probative value.  *United States v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011).

The Court considered the arguments from the parties made in their briefs and during oral argument and rules that, on the record now before the Court, the proposed evidence is relevant to the material issue of knowledge and intent in the conspiracy to possess with intent to distribute a controlled substance because Mr. Cruz Rodriguez has declared that he will be using a "general denial defense."  *See United States v. Lindsey*, 702 F.3d 1092, 1099 (8th Cir. 2013), *cert. denied*,

133 S. Ct. 2842 (2013) ("Rule 404(b) evidence is admissible when the defendant places his state of mind in issue by a general denial defense, as [defendant] did here.") (quotations omitted).

The Court also determines on the record now before it that the proposed evidence is similar in kind and close in time to the crime charged. *See United States v. Hessman*, 493 F.3d 977, 983 (8th Cir. 2007) (concluding that the defendant's prior state convictions of possession of methamphetamine, possession of marijuana with intent to deliver, and manufacturing a controlled substance were sufficiently similar to the charged offense of distribution of methamphetamine), *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (holding that eleven-year-old conviction was not too remote in time).

"[E]vidence of prior bad acts should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the prior acts." *United States v. Felix*, 867 F.2d 1068, 1072 (8th Cir. 1989) (quotations omitted). The Court determines on the record before it that the evidence the government intends to submit is sufficient to support a finding by the jury that Mr. Cruz Rodriguez committed the prior bad acts it alleges he performed. However, the Court notes the objection from Mr. Cruz Rodriguez that at least some of the prior bad acts the government intends to introduce were committed by Mr. German Cruz Rodriguez, and the Court cautions the government to be specific with the language it uses to distinguish properly between Mr. Cruz Rodriguez and Mr. German Cruz Rodriguez. The Court also notes the objection made by Mr. Cruz Rodriguez that he did not actively participate in the conversation with the CI because of a language barrier. The Court will permit Mr. Cruz Rodriguez to cross-examine on that issue and to make that argument, as appropriate.

Finally, the Court determines that any potential prejudice resulting from the introduction of evidence regarding Mr. Cruz Rodriguez's potential prior involvement in the distribution of

methamphetamine is not substantially outweighed by the probative value of the evidence. The government submitted to the Court a proposed limiting jury instruction which the Court will consider and modify before giving to the jury. The Eighth Circuit Court of Appeals has held that a district court's limiting instruction mitigated any potential prejudicial effect evidence that the prior bad acts of the defendant may have had on the jury. *United States v. Horton*, 2014 WL 1140196, *7 (8th Cir. 2014) (citations omitted).

For the foregoing reasons, the Court grants the United States' motion *in limine* to admit Rule 404(b) evidence (Dkt. No. 48).

## II.   Notice of Intent to Introduce Audio/Visual Recording at Trial

The Court next turns to the United States' notice of intent to introduce audio/video recording at trial (Dkt. No. 49). The United States seeks to introduce portions of audio/video recordings made by co-defendant Carlos Quintana-Rincones and Mr. Cruz Rodriguez during a controlled delivery of methamphetamine allegedly from Mr. Quintana-Rincones to Mr. Cruz Rodriguez. The government argues that Mr. Cruz Rodriguez's statements are admissible under Federal Rule of Evidence 801(d)(2)(A) as admissions of a party-opponent and that the statements of Mr. Quintana-Rincones are admissible solely to put Mr. Cruz Rodriguez's statements into context to make the admissions intelligible for the jury and, therefore, are nontestimonal. *See United States v. Spencer*, 592 F.3d 866, 878–79 (8th Cir. 2010) (holding that defendant's statements on tape recording are admissible as admissions of a party-opponent and that the statements of the other party on the tape are admissible because they put the defendant's statements into context and were therefore nontestimonal and not hearsay) (quotations omitted).

Mr. Cruz Rodriguez objects on the basis that the recordings are hearsay and that it is unclear on the recording whether the person communicating with Mr. Quintana-Rincones is in

4

fact Mr. Cruz Rodriguez. Based on the Eighth Circuit Court of Appeals' ruling in *Spencer*, the Court determines on the record before it that the audio and visual recordings are admissible if the government can offer witnesses to prove that the person speaking with Mr. Quintana-Rincones on the recordings is Mr. Cruz Rodriguez.

### III.     Motion to Withdraw Previous *in Limine* Motion

The Court now turns to the United States' motion to withdraw it's *in limine* request for ruling on potential *Giglio* information (Dkt. No. 56). For good cause shown, this motion is granted (Dkt. No. 56).

SO ORDERED this 21st day of July, 2014.

_____
Kristine G. Baker
United States District Judge